**Edward Cummings and John Cummings, Partners as Cummings Bros., v. W. B. Hummer, Assignee of the La Salle Brewing Co.**

1.   ACCEPTANCE—*Conditional—Burden of Proof.*—Where the acceptance of an order is conditional before the holder can recover upon it, he must show that the condition has been consummated.

**Assignment for the Benefit of Creditors.**—Appeal from the County Court of La Salle County; the Hon. H. W. Johnson, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

## Statement of the Case.

Appellants filed a petition in the County Court, praying for an order upon appellee, as assignee of the La Salle Brewing Company, to pay them a certain order given in their favor by one Frank J. Sheehey for $923.83.

The petition recites that on the 15th of April, 1892, appellants furnished Sheehey, a contractor, material for the construction of the buildings, boiler rooms, etc., for the La Salle Brewing Co.; that on the 9th of November, 1892, the brewing company made an assignment for the benefit of creditors, to appellee; that it at the time owed Sheehey for work and material $3,137, for which he claimed a mechanic's lien, and took steps in the Circuit Court of La Salle County to enforce it; that on the second of August, 1893, Sheehey, owing appellants $923.83 on material which had been furnished him as a contractor and had been used in the construction of the buildings, delivered to appellants the following order upon appellee, which was accepted, as follows:

" 923.83.    La Salle, August 2, 1893.

To the Assignee of the La Salle Brewing Company :

Please pay to the order of Cummings Brothers, of La Salle, the sum of nine hundred twenty-three and 83-100 dollars, and charge the same to my account.   Cummings Bros. to receive the above amount out of the first money in the possession of said assignee, applicable to the payment of my account, or any part thereof, against the said Brewing Company.

F. J. Sheehey.

August 2, 1893.   Accepted subject to previous order given to La Salle National Bank February 17, 1893, for a sum not exceeding two thousand (2,000) dollars.

The La Salle Brewing Co.,
W. B. Hummer, Assignee."

The petition further recites that on the 3d of January, 1894, Sheehey made an assignment for the benefit of creditors to Thomas N. Haskins, that an order was entered by the County Court, March 27, 1895, authorizing Haskins, as assignee, to compromise the mechanic's lien claim of Sheehey against the brewing company for $1,000, the claim of the La Salle National Bank having been satisfied, and that Haskins was ready to compromise Sheehey's claim for $1,000.

The County Court, upon a hearing, found appellants were not entitled to the relief sought, and dismissed the petition at their costs.

Wm. L. Seeley, attorney for appellants.

O'Connor, Duncan & Haskins, attorneys for appellee.

Mr. Justice Harker delivered the opinion of the Court.

The only assignment of error discussed in the brief for appellants is that the court erred in dismissing their petition and rendering judgment against them for costs.

The obligation of appellee was to pay the order out of money coming to his hands as assignee, applicable to the payment of the Sheehey claim.

The order and its acceptance were conditional, and before appellants were entitled to an order of court directing its payment, it devolved upon them to show that the assignee had received funds belonging to the insolvent estate and that such funds were subject to the claim of the drawer of the order. This they failed to do. Indeed the proof affirmatively shows that no money had come to the hands of appellee applicable to the payment of Sheehey's claim. The County Court could make no order for the payment by appellee as assignee, of the $923.83, when there was no money in his hands to pay it and none had been received by him.

The order of the County Court, dismissing the petition, does not leave appellant without remedy to collect their

claim from the assignee, should the brewing company pay out as urged by counsel. They still have their accepted order and upon the occurrence of the conditions embodied therein, its collection may be enforced. Order and judgment affirmed.